**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                      CASE NO. 8:09-CR-223-T-30EAJ

EDUARDO RODRIGUEZ-RENTERIA,

     Defendant.

_____/

## ORDER

     This Cause is before the Court upon Defendant's *pro se* Motion to Dismiss for Lack of Subject Matter Jurisdiction in the Admiralty (Dkt. 137). Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

     *Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to § 2255. The Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). As Defendant challenges the Court's jurisdiction, § 2255's remedy is not inadequate or ineffective as it specifically "includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under" it. *Williams v. United States*, 383 Fed. App'x 927 (11th Cir. 2010) (unpublished).

The Court cautions Defendant that such recharacterization will render subsequent §

2255 motions subject to each of the procedural limitations imposed upon § 2255 motions.

Specifically, Defendant is cautioned that after its characterization as a § 2255 motion, the

instant motion will be subject to the one (1) year period of limitation.[2]   Accordingly,

Defendant should address the motion's untimeliness, falling as it will well beyond one (1)

year from February 5, 2010, the date Defendant's judgment became final.  Defendant should

also be aware that if Defendant chooses to proceed with this motion as a § 2255 motion,

subsequent § 2255 motions will be barred as successive under the successive petition bar

applicable to post-conviction motions.[3]   Defendant would need to obtain the permission of

the Eleventh Circuit Court of Appeals before filing a successive § 2255 petition.

In his motion, Defendant relies on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245

(11th Cir. 2012), which concerns Congress's ability under the "Offences Clause" of Article

I, Section 8, Clause 10 of the United States Constitution to proscribe drug-trafficking activity

in the territorial waters of foreign countries.  *See id.* at 1258.  If that is the basis for his §

2255 motion, he should explain how *Bellaizac-Hurtado* applies when it appears factually

distinguishable from his case.  Specifically, at sentencing, Defendant admitted that "[t]he

basic facts . . . are correctly stated in [the Government's] Notice of Maximum Penalty,

factual basis section." (Dkt. 101, Defendant's Sentencing Memorandum, 2).  That factual

---

[2]  "A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255(f).

[3]  28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

basis section stated the United States Coast Guard took Defendant into custody "approximately one hundred nautical miles off Costa Rica, in international waters." (Dkt. 67, Notice of Maximum Penalty, 3-4). Defendant thus acknowledged he was well beyond any territorial sea when he was apprehended. *See U.S. v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (stating the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts). In addition, Defendant pled guilty to Count Three and Count Four of the Superseding Indictment. In both counts, Defendant admitted he was "on board a vessel subject to the jurisdiction of the United States." (Dkt. 45, Superseding Indictment, 2-3).

Finally, the Court advises Defendant that, in addition to addressing the foregoing issues, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **May 10, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion to Dismiss (Dkt. 137);

2. Amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3

3.      Withdraw his Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 137).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case, and this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 137).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cr-223.mtd 137.wpd

4